SALCINES, Judge,
Concurring specially.
I fully concur in the affirmance of this case and agree that a trial judge must not only be a neutral and impartial jurist but must also reflect that impression to all viewers. I also agree that the trial judge could have handled the matter differently. But, in my view, a trial judge is mandated to reasonably control the flow of admissible and competent evidence.
In the present case, the judge’s comments cut short some repetitive questioning, by the defense counsel, of matters the probative value of which was never established, a proper foundation was never laid, and, in some instances, a proffer was never made. In other instances, the errors claimed by Grant were unpreserved.
Lawyers and judges are officers of the court and are governed by standards of professionalism. See R. Regulating Fla. Bar 4-1.1 to 4-8.6; Fla.Code Jud. Conduct, Canons 1-7. Each performs a separate function in a trial. The lawyers must conduct themselves with dignity and respect toward the tribunal and each other. The judge has judicial responsibilities as the presiding officer and moderator of the proceedings.
A trial judge is invested with inherent and expressed powers to manage and control the conduct of a trial and the participants in that trial in all respects. In the context of the adjudicative process, those inherent powers include, among others, the power to preclude the admission of evi *807 dence in order to curb litigation abuses; to reasonably manage and control the conduct of the litigation and its participants; to control the mode and interrogation of witnesses; and, to remedy different forms of litigation abuse. See, e.g., Felix F. Stumpf, Inherent Powers of the Courts: Sword and Shield of the Judiciary (The National Judicial College 1994); Roger A. Silver, The Inherent Power of the Florida Courts, 39 U. Miami L.Rev. 257 (1985). In the pursuit of truth and a just result, the trial judge must conduct himself or herself in a reasonable way that does not abuse the court’s discretion or violate a party’s due process, and that maintains the appearance of impartiality and propriety. While a judge is expected to present the appearance of “cold neutrality,” he or she should not be intimidated into being an iceberg only to be heard at calving.
The expressed powers concerning the judge’s conduct during a trial are enunciated in the applicable constitutions and statutes as well as rules of procedure and evidence. Florida has an extensive statutory framework which provides a mechanism through which a trial judge can control the admissiop of evidence. In jury trials, section 90.104(2) of the Florida Evidence Code mandates: “A court shall conduct proceedings, to the maximum extent practicable, in such a manner as to prevent inadmissible evidence from being suggested to the jury by any means.” Sections 90.612 and 90.615 of the Florida Evidence Code give the judge the reasonable control over the mode and order of the questioning of witnesses and presentation of evidence so as to facilitate the discovery of the truth, and avoid harassment or undue embarrassment of witnesses, and acknowledges the court’s right to question witnesses regardless of what party called the witness. As the majority opinion indicates, the judge, however, cannot cross the line by indicating partiality, or by ridiculing or showing disfavor toward a party or the attorney in the jury’s presence. Section 90.106 of the Florida Evidence Code clearly dictates that in a jury trial a judge may not sum up or comment on the evidence or its weight, the credibility of witnesses, or the guilt of an accused.
As I view the record in the present case, the judge prevented the introduction of irrelevant evidence and curtailed the introduction of repetitious and confusing evidence, but he did not take over the cross-examination nor did he deprive the defense of full cross-examination within proper and reasonable bounds.